

JAN 1 3 2023

CLERK, U.S. DISTRICT COURT
ANCHORAGE, AK

Thomas W. Oels
2841 W. Discovery Loop
Wasilla, AK 99654
Email: blake@mtaonline.net
Phone: (907) 232-6782
David H. Johnson
6360 East Homebuilt Circle
Wasilla, AK, 99654
Email: dhjohnson113@gmail.com
Phone: (907) 232-6867
Pamela L. Bickford
16840 Tide View Drive
Anchorage, AK 99516
Email: pam.bickford@yahoo.com
Phone: (907) 223-8829
William de Schweinitz
3260 South Circle
Anchorage, AK 99507
Email: William.Z@AK.net
Phone: (907) 884-7001
Loy A. Thurman
14166 W. Knights Drive
Wasilla, AK 99623
Email: Loythurman@outlook.com
Phone: (907) 775-8899

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Thomas W. Oels, David H. Johnson, Pamela Bickford, William C. de Schweinitz, and Loy A. Thurman, Plaintiffs, v. Michael J. Dunleavy, in his official capacity as Governor; Kevin Meyer, in his official capacity as Lieutenant Governor; Treg Taylor, in his official capacity as Attorney General; Gail Fenumiai, in her official capacity as the Director of the Division of Elections; and the State of Alaska, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:23-cv-00006-SLG |

**Administrative Agency Appeal and Request for a Trial De Novo (L.C.R. 16.3)**

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 1 of 26

# INTRODUCTION

1. On September 1, 2022, Plaintiffs, Thomas W. Oels, David H. Johnson, Pamela L. Bickford, William C. de Schweinitz, and Loy A. Thurman, mailed a "Complaint for Declaratory and Injunctive Relief Requesting Litigation Disclosure in the 'Public Interest' of Administrative Records and Waiver of All Costs and Fees to Conduct a Full Forensic Audit of 2020 Election Records" to all four named state officials. App. I, p. 1.

2. The complaint alleged violations of both federal and state election law beginning with the General Election of November 3, 2020 and requested a hearing. App. I, p. 1.

3. Gail Fenumiai, Director of the Division of Elections, responding by mail on September 19, 2022, and among other concerning statements, determined that "It is too late to allege a HAVA violation as to the 2020 General Election." App. I, p. 143.

4. On September 28, 2022, Plaintiffs mailed an "Addendum to Citizen Complaint of September 1, 2022" referencing the State of Alaska Hearing Officer Manual (App. I, pgs. 140-141), requested a hearing officer be assigned to avoid "ex parte communications" (App. I, p. 133) and informed all parties that the potential violations of federal election law affected all future elections, including the Special Elections of June 11 and August 16, 2022. App. I, p. 132.

5. On October 17, 2022, Director Fenumiai responded to Addendum requesting a hearing officer, other than herself, be assigned to oversee the dispute, and added that plaintiffs were "maintaining that the Complaint is sufficiently pled and asserting that the Division's

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 2 of 26

request for clarification was inappropriate" and that "Because the Complaint fails to meet these requirements, the Division rejects the Complaint for filing." App. I, p. 166.

6. On October 31, 2022, Plaintiffs mailed "Second Addendum to Citizen Complaint of September 1, 2022" again requesting an Administrative Hearing Officer and identified paragraphs where the required State-based complaint procedures were identified in the complaint that did not comport with federal requirements of 52 USC § 21112. App. I, p.1

7. On November 4, 2022, Director Fenumiai responded by mail stating:

> "Because the Division rejected your Complaint for filing, there will be no hearing or further action taken on your Complaint. Please ensure that any future complaint complies with 6 AAC 25.400-.490." App. I, p. 171.

8. On November 30, 2022, Plaintiffs filed a "Complaint for Declaratory and Injunctive Relief" in the Superior Court for the State of Alaska to remove claims outside of the jurisdiction of HAVA (Help America Vote Act, 52 U.S.C. §§ 10101-30146). The case number is 3AN-22-9328 CI. Defendants were provided documents and service by mail.

9. On December 5, 2022, Plaintiffs emailed "A Request for an Impartial Hearing Officer to oversee amendment of the September 1, 2022, complaint in a pre-hearing conference." App. I, pgs. 172-173.

10. In response to the request for an "Impartial Hearing Officer and a Pre-Hearing Conference," on December 16, 2022, Acting Director Thompson dismissed the request and suggested that "requests for hearings and other motions should be filed with the parties and the Court" App. I, p. 174.

---

11. The Amended Complaint for Declaratory and Injunctive Relief (attached as App. II), was filed to ensure that the failures of the State to amend Alaska Statutes with federal requirements are separate from the non-HAVA claims of malfeasance.

12. Plaintiffs bring this suit seeking declaratory, injunctive, and restorative relief to vindicate the constitutional rights of themselves and all other similarly situated people who reside in the State of Alaska and participated in the elections of November 3, 2020; the Special Primary and Special General of 2022; and the Primary and General of 2022.

## PARTIES – JURISDICTION - VENUE

13. Plaintiff Thomas W. Oels is an individual residing at 2841 W. Discovery Loop, Wasilla, AK 99654, voted in the federal election of November 3, 2020, and all four federal elections of 2022.

14. Plaintiff David H. Johnson is an individual residing at 6360 East Homebuilt Circle, Wasilla, AK, 99654, voted in the federal election of Nov. 3, 2020, and all four federal elections of 2022.

15. Plaintiff Pamela L. Bickford is an individual residing at 16840 Tide View Drive, Anchorage, AK 99516, voted in the federal election of Nov. 3, 2020, and all four federal elections of 2022.

16. Plaintiff William de Schweinitz is an individual residing at 3260 South Circle, Anchorage, AK 99507, voted in the federal election of Nov. 3, 2020, and all four federal elections of 2022.

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 4 of 26

17. Plaintiff Loy A. Thurman is an individual residing at 14166 W. Knights Drive, Wasilla, AK 99623, voted in the federal election of November 3, 2020, and all four federal elections of 2022.

18. 52 U.S.C. § 20510(b) provides a "private right of action" for

(1) "A person who is aggrieved by a violation of this chapter may provide written notice of the violation to the chief election official of the State involved," (2) "If the violation is not corrected within 90 days after receipt of the notice if a violation occurred within 120 days before the date of an election for Federal office, the aggrieved person may bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation."

19. 52 U.S.C. § 20510(d)(1) provides in relation to other laws

"The rights and remedies established by this section are in addition to all other rights and remedies provided by law, and neither the rights and remedies established by this section nor any other provision of this chapter shall supersede, restrict, or limit the application of the Voting Rights Act of 1965," 52 U.S.C. § 10301 et seq.

20. Defendants, Lt. Governor Meyer, Director Fenumiai, Attorney General Taylor, and Governor Dunleavy, are sued in their official capacity, and all individuals reside within the District of Alaska.

21. The U.S. Constitution, Article VI, Clause 3 states:

"The Senators and Representatives before mentioned, and the **Members of the several State Legislatures, and all executive and judicial Officers**, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States." (Emphasis added.)

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 5 of 26

22. This case raises claims under the First and Fourteenth Amendments, Article IV (Elections Clause) and Article VI (Oath of Office) of the U.S. Constitution, and 42 U.S.C. § 1983.

23. This court has the authority to grant Plaintiffs the relief they request under the Administrative Procedures Act, ("APA") 5 U.S.C. §§ 701-706; and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-02.

24. This court has federal-question jurisdiction under 28 U.S.C. § 1331 & 1343, because this case concerns whether state officials acted in compliance with the Administrative Procedures Act and other federal laws. The amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

25. Plaintiffs' right to bring this action includes, but is not limited to, Amendment I of the U.S. Constitution which states:

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and **to petition the Government for a redress of grievances.**" (Emphasis added.)

26. The Elections Clause, Article I, Section 4, Clause 1 provides:

> "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; **but the Congress may at any time by Law make or alter such Regulations**, except as to the Places of chusing Senators." (Emphasis added.)

27. The Supreme Court of the United States, in *Foster v. Love*, 522 U.S. 67 (1997), stated:

---

Administrative Agency Appeal                                    page 6 of 26

"The [Elections] Clause is a default provision; it invests the States with Responsibility for the mechanics of congressional elections but only so far as Congress declines to pre-empt state legislative choices. Thus, it is well settled that **the Elections Clause grants Congress 'the power to override state regulations' by establishing uniform rules for federal elections, binding on the States.** 'The regulations made by Congress are paramount to those made by the State legislature; and if they conflict therewith, the latter so far as the conflict extends, ceases to be operative.'" (Emphasis added.)

28. The Supreme Court of the United States, in *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1 (2013), stated:

"Unlike the States' 'historic police powers,' the States' role in regulating congressional elections – while weighty and worthy of respect – has always existed **subject to the express qualification that 'it terminates according to federal law.'**" (Emphasis added.)

29. The Supreme Court of the United States has also held that where a primary election:

"is an integral part of choosing a Member of Congress, the right to vote in that primary election is subject to congressional protection and includes the opportunity to cast a ballot and to have it counted honestly." *See United States v. Classic*, 313 U.S. 299, 315-321 (1941) and *United States v. Mosley*, 238 U.S. 383 (1915). *See also Ex parte Yarbrough*, 110 U.S. 651 (1884) and *United States v. Saylor*, 322 U.S. 385 (1944).

30. The Supreme Court of the United States has also held that

"Congress may also enforce election laws by imposing sanctions or punish state election officers for violating legal duties relating to congressional elections." *Ex parte Siebold*, 100 U.S. 371, 392 and 396-97 (1880).

31. Congress passed Pub. L. 107-252 on October 29, 2002, updating the codification and provided requirements for Election Administration Improvement. See App. pgs. 45-52.

32. 52 U.S.C. § 21112(a)(1) provides:

"If a State receives any payment under a program under this chapter, the State **shall** be required to establish and maintain State-based administrative complaint procedures which meet the requirements of paragraph (2)."

33. 52 U.S.C. § 21112(a)(2) provides "Requirements for procedures" –

"(A) The procedures shall be uniform and nondiscriminatory.

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 7 of 26

(B) Under the procedures, any person who believes that there is a violation of any provision of subchapter III (**including a violation which has occurred, is occurring, or is about to occur**) may file a complaint.
(C) Any complaint filed under the procedures shall be in writing and notarized, and signed and sworn by the person filing the complaint.
(D) The State may consolidate complaints filed under subparagraph (B).
(E) At the request of the complainant, there shall be a hearing on the record.
(F) If, under the procedures, the State determines that there is a violation of any provision of subchapter III, the State shall provide the appropriate remedy.
(G) If, under the procedures, the State determines that there is no violation, the State shall dismiss the complaint and publish the results of the procedures.
(H) The State shall make a final determination with respect to a complaint prior to the expiration of the 90-day period which begins on the date the complaint was filed, unless the complainant consents to a longer period for making such a determination.
(I) If the State fails to meet the deadline applicable under subparagraph (H), the complaint shall be resolved within 60 days under alternative dispute resolution procedures established for purposes of this section. The record and other materials from any proceedings conducted under the complaint procedures established under this section shall be made available for use under the alternative dispute resolution procedures." (Emphasis added.)

34. 52 U.S.C. § 21112(b)(1)&(2) provides that both participating states and non-participating States shall certify that the "State meets the requirements of subchapter III" "[n]ot later than January 1, 2004."

35. Subchapter III – Uniform and Nondiscriminatory Election Technology and Administration Requirements, Part A-Requirements, provides 52 U.S.C. § 21081-21085.

36. 52 U.S.C. § 21085 provides "The specific choices on the methods of complying with the requirements of this subchapter shall be left to the discretion of the State."

37. 52 U.S.C. § 21084 provides

> "The requirements established by this subchapter are **minimum requirements** and nothing in this subchapter shall be construed to prevent a State from establishing election technology and administration requirements that are more strict than the requirements established under this subchapter so long as such State requirements are not inconsistent with the Federal requirements under this subchapter or any law described in section 21145 of this title." (Emphasis added.)

38. 52 U.S.C. §§ 21081-21083 provide the "minimum requirements" established by subchapter III as long as State requirements are not inconsistent with the Federal requirements. See App. I, pgs. 45-52.

39. 52 U.S.C. § 21004(a)(9) requires the State Plan to contain a "description of the uniform, non-discriminatory State-based administrative complaint procedures in effect under section 21112 of this title."

40. The State Plan for federal funding doesn't address the fact that Congress in 2002 required the State of Alaska to amend statutes under APA, to comply with Federal law "by establishing uniform rules for federal elections, binding on the States." *Foster v. Love*, 522 U.S. 67 (1997).

## COUNT 1

**The State of Alaska unlawfully withheld or unreasonably delayed compliance with the Help America Vote Act of 2002, Subchapter III & IV, in violation of the Elections Clause, Article I, Section 4, Cl. 1, of the U.S. Constitution. 5 U.S.C. § 706**

41. The allegations contained in all preceding paragraphs are incorporated herein by reference.

42. The State of Alaska, Division of Elections, failed to comply with the "minimum requirements" of Federal Law. App. I, pgs. 45-52.

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 9 of 26

43. The Supreme Court of the United States, observed

> Although the immediate issue is procedural, the rights and protections it
> implicates are fundamental. Section 1983 has stood since the end of the
> Civil War for the simple proposition that federal courts should stand ready
> to vindicate federal rights in the face of state violation." *Patsy v Board of
> Regents*, 457 U.S. 496, 504 (1982).

44. The APA provides "The reviewing court shall" - "compel agency action unlawfully

withheld or unreasonably delayed" 5 U.S.C. § 706(1).

45. The current Alaska Statutes, Title 15, are the final agency action subject to judicial

review, § 704; are "rules" under the APA § 701(b)(2); and the State of Alaska, Division

of Elections, is an "agency" under the APA. § 701(b)(1).

46. The APA requires agencies to engage in "rule making" meaning the "agency process

for formulating, amending, or repealing a rule." *Id.* § 553(a). Definition 551(5).

47. The APA requires agencies to provide "notice and comment" for legislative rules. *Id.*

§ 553(b)(1),(2),(3),&(c).

48. The State of Alaska, Division of Elections, failed to propose legislation in compliance

with the Help America Vote Act of 2002, Subchapter III, 52 U.S.C. §§ 21081-21085; and

Subchapter IV, 52 U.S.C. § 21112.

49. The failure by Executive Branch officials to propose legislation in compliance with

Federal law is contrary to the Elections Clause of the U.S. Constitution.

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 10 of 26

50. The APA required the State of Alaska, through the executive branch offices to recognize a congressional act and amend Title 15 in compliance with The Help America Vote Act, Subchapter III, 52 U.S.C. §§ 21081-21085, and IV, 52 U.S.C. § 21112.

51. Plaintiffs request this Court compel the State of Alaska to take rule-making action that has been "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

52. The failure to enact the State-based administrative complaint procedures is contrary to the Elections Clause of the United States Constitution.

## COUNT II

**The Executive Branch of the State of Alaska unlawfully withheld or unreasonably delayed notification to the Legislative Branch of required compliance with the Help America Vote Act of 2002, Subchapter III, and Subchapter IV, in violation of the Elections Clause, Art. I, § 4, Cl. 1, of the U.S. Constitution. 5 U.S.C. § 706**

53. The allegations contained in all preceding paragraphs are incorporated herein by reference.

54. The State of Alaska, Division of Elections' ultimate failure to comply with the "minimum requirements" of Federal Law and ultimate failure to provide complaint procedures that comply with Federal Law, is responsible for the agency action without observance of legislative procedures required by law.

55. The "Source of Government" is defined as "All political power is inherent in the people. All government originates with the people, is founded upon their will only, and is

instituted solely for the good of the people as a whole." *The Constitution of the State of Alaska*, Art. 1, § 2.

56. The construction of the statutes and regulations is reinforced by the undisputed existence of a general **trust relationship** between the State government of Alaska and the individuals residing within the state.

57. Because the statutes and regulations at issue in this case clearly establish fiduciary obligations of the government in the management and operation of federal elections, they can fairly be interpreted to mandate compensation by the government for damages sustained by the long-standing erroneous management of all federal elections that have been "unlawfully withheld or unreasonably delayed" by State officials.

58. Given the existence of a trust relationship, it naturally follows that the government should be liable in damages for the breach of its fiduciary duties.

59. It is well established that a trustee is accountable in damages for breaches of trust. U.S. v Mitchell, 463 U.S. 206 (1983).

60. Regulations of congressional and presidential elections, thus, "must be in accordance with the method which the state has prescribed for legislative enactments." *Smiley v Holm,* 285 U.S. 355, 367 (1932).

61. Because the Constitution reserves for state legislatures the power to set the time, place, and manner of holding federal elections, state executive officers have no authority

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 12 of 26

to unilaterally exercise that power, or, as in this case, simply fail to draft the bill upon which the legislative procedures would enact the statutes and regulations. The failure to prompt notification to the legislature for rule-making and public notification violates the separation of powers doctrine.

62. While the Elections Clause "was not adopted to diminish a State's authority to determine its own lawmaking processes," but it does hold states accountable to their chosen processes in regulating federal elections. *Arizona State Leg. v. Ariz. Indep. Redistricting Comm'n*, 135 *S.Ct.* 2652, at 2677, 2668 (2015).

63. Congress sought in the judicial review chapter of the APA to strike an appropriate balance "between the goal of efficient and effective agency action, on the one hand, and the value of judicial review in ensuring the rationality and fairness of agency decision-making, on the other." *NRDC, Inc. v. SEC*, 606 F.2d 1031, 1048 (D.C. Cir. 1979), *Norton v. Southern Utah Wilderness Alliance, et al*, Brief for the Petitioners, by Theodore B. Olson, Solicitor General, p. 18.

64. 5 U.S.C. § 706(1)-(2) in providing judicial review the "reviewing court shall (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be – "an abuse of discretion, or otherwise not in accordance with the law."

65. The Alaska State Legislature shall be notified of the "unreasonably delayed" actions, of The Help America Vote Act, 52 U.S.C. §§ 21081-21085 & 52 U.S.C. § 21112, and

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 13 of 26

shall be compelled to expedite rule-making necessary to bring the State of Alaska into compliance with Federal law and the U.S. Constitution.

## Count III

**The Omission of Required Statutory Authority in Violation of HAVA Requires Court to Hold Unlawful - Agency Action Reviewing AGO No. 2019200578 – 19AKBE Ballot Measure Application Review - 5 U.S.C. § 706**

66. The allegations contained in all preceding paragraphs are incorporated herein by reference.

67. The State of Alaska, Division of Elections' failure to comply with "minimum requirements" of Federal Law is agency action without observance of procedures required by law predates the August 29, 2019, Department of Law review of the ranked choice voting initiative. Attorney General Clarkson's opinion that the proposed initiative "[met] all constitutional and statutory requirements." App. I, pgs. 28-29.

68. The aforementioned Federal requirements to date, have been "unlawfully withheld or unreasonably delayed" and when Attorney General Clarkson performed his review of the ballot measure application – the Federal requirements were not amended into statutes he reviewed. *Id.*

69. Upon review of Title 15 statutes with regards to the legality of the ranked choice initiative, and had Federal law been amended into Alaska Statutes, his review may have concluded otherwise. See 52 U.S.C. § 21081(a)(1)(A)(i), (ii), & (iii); § 21081(a)(1)(B)(i) & (ii); § 21081(a)(1)(C); and § 21081(a)(2)(B)(i)(ii)(iii). App. I, p. 45.

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 14 of 26

70. 52 U.S.C. § 21081, Voting System Standards, provides the "ballot cure" notification of an error, the opportunity to correct the ballot (before it is cast and counted) while preserving the privacy of the voter and the confidentiality of the ballot" including "mail-in absentee ballots and mail-in ballots." App. I, p. 45.

71. 52 U.S.C. § 21081 is to date "unlawfully withheld or unreasonably delayed" and was not considered in the Attorney General's review to determine if the proposed initiative "[met] all constitutional and statutory requirements." *Id.*

72. The Attorney General recommended that the Lieutenant Governor decline to certify the initiative on other grounds and the initiative sponsors filed suit in Superior Court, *Alaskans for Better Elections v Kevin Meyer, et al*, 3AN-19-09704CI.

73. The appeal to the State Supreme Court, *Kevin Meyer, et al., v. Alaskans for Better Election*, S-17629 (June 12, 2020), was decided against the state officials on grounds that did not consider the "unlawfully withheld or unreasonably delayed" Federal compliance requirements.

74. Neither legal contest, in either the Superior Court or the Supreme Court, considered the requirements of federal law as the statutes upon which they solely relied upon in their deliberations and determinations did not reflect the federal law requirements as it had been "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 15 of 26

75. In addition, other cases that were litigated in Alaska regarding elections did not consider the "unlawfully withheld or unreasonably delayed" compliance for federal elections:

> S-18210, *Kohlhaas, et al. v. State of Alaska, et al.,* Order of January 19, 2022 and Superior Court No. 3AN-20-09532CI.
> S-17902, *State of Alaska, et al. v. Arctic Village Council, et al.,* Orders No. 7556 (9-17-2021) and No. 17902 (10-12-2020) and Superior Court No. 3AN-20-07858CI.

76. The "unlawfully withheld or unreasonably delayed" Federal compliance mandates have had a ripple effect on the State of Alaska and its people that cannot be overlooked.

## Count IV

**The Omission of Required Statutory Authority in Violation of HAVA Requires Court to Hold Unlawful - Agency Action Dismissing the Complaint - 5 U.S.C. § 706**

77. The allegations contained in all preceding paragraphs are incorporated herein by reference.

78. The APA provides a reviewing court upon finding agency action was "unlawfully withheld or unreasonably delayed" shall "hold unlawful and set aside agency action, findings, and conclusions found to be" - "otherwise not in accordance with the law" 5 U.S.C. § 706(2).

79. The regulations the Director of Election relies upon to dismiss the complaint of September 1, 2022, in correspondence dated, Sept. 19, 2022 (App. I, pgs. 143-44), Oct. 17, 2022 (App. I, pgs. 166-170), Nov. 4, 2022 (App. I, p. 171), and Dec. 16, 2022 (App.

I, p. 174); were "otherwise not in accordance with the law" and must be set aside as "minimum requirements" of federal election law, have been "unlawfully withheld or unreasonably delayed." *Id.* § 706(1).

80. The APA requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be – "unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court." *Id.* § 706(2)(F).

81. The dismissal of the September 1, 2022, Complaint must be set aside.

## COUNT V

**The Omission of Required Statutory Authority in Violation of HAVA, Subchapters III and IV, Requires Court to Review Agency Action - 5 U.S.C. § 702 and § 704**

82. The allegations contained in all preceding paragraphs are incorporated herein by reference.

83. The Administrative Procedure Act provides,

> "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

> "Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court is subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." 5 U.S.C. § 704.

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 17 of 26

84. If the withheld or delayed compliance for the November 3, 2020 federal election is found to be in violation of the Help America Vote Act, Subchapters III and IV, all four subsequent federal elections of 2022 share the same violation of federal law and fate.

85. Plaintiffs contend, that the November 3, 2020, election should be considered a "gift" because the problems the questioned election uncovered gave us the opportunity to repair the damage to our neglected election process and preserve our Republic for future generations.

## COUNT VI

**Omission of Required Statutory Authority in Violation of the Elections Clause Requires Review Agency Action with a Trial De Novo and Access to Records**

86. The allegations contained in all preceding paragraphs are incorporated herein by reference.

87. In contradiction to the Elections Clause, Art. I, § 4, Cl. 1 and the requirements of the HAVA, which provide an opportunity to **redress grievances**, the Plaintiffs have no other adequate remedy to demonstrate the long-standing damages that have occurred as a result of the "agency action unlawfully withheld or unreasonably delayed" and the failure of the State of Alaska to comply with federal requirements. (Emphasis added.)

88. The Questions before this Court (all claims Complaint of September 2, 2022) are as follows:

**A. Violations of 52 U.S.C. § 21112**

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 18 of 26

1) Whether or not the State-based administrative complaint procedures have, by rule-making procedures been amended by the Legislature to Alaskan Statutes?

2) Whether or not the omission of legal State-based administrative complaint procedures affected the frustration, confusion, and distress caused by the failure of state officials to provide the policies, procedures, and notification of the purpose of the complaint procedures?

3) Whether or not the omission of legal State-based administrative complaint procedures affected citizen's oversight duty of the electoral process in the State of Alaska?

**B. Violations of 52 U.S.C. § 21081**

4) Whether the omission of the Voting System Standards of the "ballot cure" for "mail-in absentee ballots and mail-in ballots" affected the November 3, 2020, election?

5) Whether the omission of the Voting System Standards for the "ballot chain of custody" for "mail-in absentee ballots and mail-in ballots" affected the Nov. 3, 2020, election?

6) Whether the omission of the Voting System Standards for the "manual audit capacity" affected the November 3, 2020, election?

7) Whether the omission of the Voting System Standards for the "EAC Voting System Equipment Testing and Certification Standards" for "error rate of the voting system hardware" affected the November 3, 2020, election?

**C. Violations of 52 U.S.C. § 21083**

8) Whether the omission of the Statewide Voter Registration List requirement that the State (not a third party non-governmental organization), through the chief State election official, implement and maintain a centralized list of all "legally registered voters in the state" affected the November 3, 2020, election?

9) Whether the omission of the Statewide Voter Registration List requirement that the State, through the chief State election official, in maintaining the centralized list of all "legally registered voters in the state" was required to enter into an agreement with the state offices of the Department of Motor Vehicles and Social Security, to verify the eligibility of the individuals registered to vote - affected the November 3, 2020, election?

10) Whether the omission of the Statewide Voter Registration List requirement that the State, through the chief State election official, in maintaining the centralized list of all "legally registered voters in the state" was required to "perform list maintenance" in "accordance with the National Voter Registration Act of 1993" to "remove ineligible

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 19 of 26

voters from the official list" due to "felony status," "death," "not registered," "duplicated names," and otherwise "not eligible to vote" - affected the November 3, 2020, election?

11) Whether the omission of the Statewide Voter Registration List requirement, that the State verify the "citizenship" eligibility of the individuals registered to vote by determining if the information provided by the individual is sufficient to meet the requirements of State Law - affected the November 3, 2020, election?

12) Whether the omission of the Statewide Voter Registration List requirement, that the State, through the chief State election official, in maintaining the centralized list of all "legally registered voters in the state" was required to enter into an agreement with the state offices of the Department of Motor Vehicles and Social Security, to verify the "signature verification" with existing databases - affected the November 2020, election?

13) Whether the omission of the Statewide Voter Registration List requirement that the State, through the chief State election official, in maintaining the centralized list of all "legally registered voters in the state" by contracting with a non-government organization, violated the "Privacy Act of 1974, (5 U.S.C. 552a note)"- affected the November 3, 2020, election?

14) Whether the application for the annual Permanent Fund Dividend that also registered the applicant in the Statewide Voter Registration List was A) in compliance with federal regulations, and B) did the additional automatic registration affect the Nov. 3, 2020, election?

89. All of the above questions regarding the November 3, 2020 election, are the result of facts leading to an "unlawfully withheld or unreasonably delayed" rule-making that would have established general policies and procedures in Alaskan elections. In contrast, adjudicative facts are specific and unique to a particular controversy and the sheer volume of cumulative public records suggest an investigation with reports with probative value that is not misleading, confusing, or unfair. Federal Rules of Evidence 403.

90. Plaintiffs' determination to present evidence that is admissible and rebuttable, and yet shed light on the damages the people of Alaska have suffered by participating in elections

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 20 of 26

that did not comply with the federal requirements designed and provided by congressional administration requirements. Federal Rules of Evidence 901(b)(9) provides *"Evidence About a Process or System"* – Evidence describing a process or system and showing that it produces an accurate result" and Rule 706 *"Court-Appointed Expert Witness"* provides adjudicative facts with expertise of probative value to resolve this controversy.

91. This is not an elections contest to reinstate an unhappy candidate or challenge to a ballot measures, this is a challenge to all of the above procedural errors that had an adverse effect in the election procedures due to the failure to comply with federal law.

92. In preparation for a Trial De Novo, Plaintiffs request the election records of the November 2020 election be forensically examined by an agreed upon Expert Witness, who is experienced in processing elections data, has the capacity to maintain large volumes of data, and from which can provide analytical reports with findings and conclusions specific to identified problems.

93. The Supreme Court of Nebraska found:

> "In no case is it more imperative than in election contests that the maxim should be applied that the burden of proving fraud is upon him who alleges it, ought never to be inferred from slight irregularities, unconnected with incriminating circumstances; nor should it be held as established by mere suspicions, often having no higher origin than partisan bias and political prejudices." *Bingham v. Broadwell*, 103 N.W. 323 (1905).

94. The Supreme Court of Arizona found:

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 21 of 26

> "There is a distinction between particular illegal votes the effect of which may be proven and exactly computed and fraudulent combinations, coercion, and intimidation. It can never be precisely estimated how farther latter extends. Their effect cannot be arithmetically computed. It would be to encourage such things as part of the ordinary machinery of political contests to hold that they shall avoid only to the extent that their influence may be computed.
>
> <u>So whenever such practices or influences are shown to have prevailed, not lightly and in individual cases, but generally, so as to render the results uncertain, the entire vote so affected must be rejected.</u>" *Hunt v. Campbell*, 19 Ariz. 254, 265-66, 169 P. 596 (1917). (Emphasis added).

95. The questions above are a limited number taken from the federal requirements provided in App. I, pgs. 45-52, that if answered by a thorough forensic examination of the paper and electronic election records will demonstrate whether or not the "practices … shown to have prevailed, not lightly and in individual cases, but generally, so as to render the results uncertain, the entire vote so affected must be rejected." *Id.*

96. Plaintiffs submit that this course of action will provide admissible evidence, that is non-partisan, is not inferred from slight irregularities, is not connected with incriminating circumstances, and not established by mere suspicions, and will identify the weaknesses and vulnerabilities in our election process that need repair.

## PRAYER FOR RELIEF

97. Plaintiffs respectfully request that this Court:

a. Declare that in violation of the Help America Vote Act, Subchapters III & IV, agency action was "unlawfully withheld or unreasonably delayed" and Executive Branch state officials are compelled to draft a bill to the Legislature to revise Title 15 in compliance with Federal law.

b. Declare that in violation of the Election Clause of the U.S. Constitution, the State of Alaska, Legislative Branch, has not complied with the "minimum requirements" of Federal Law.

c. Declare that the Attorney General's Review of 19AKBE Ballot Measure Application Review must be set aside as pertinent requirements of Federal Law had been "unlawfully withheld or unreasonably delayed" prior to the Attorney General's review of the initiative petition.

d. Declare that the responses ultimately dismissing the Complaint of September 1, 2022, are set aside as "otherwise not in accordance with the law."

e. Declare that the omission of required statutory authority in violation of HAVA, Subchapters III and IV, requires a review of agency action, and full funding for a full forensic audit to determine the damages to Alaskan election procedures that are otherwise undiscoverable.

f. Award Plaintiffs their costs; and

g. Award any further relief to which Plaintiffs may be entitled.


DATED this _13th_ day of January, 2023, at Anchorage, Alaska.

Thomas W. Oels

Subscribed and sworn to or affirmed before me at _WAsilla_, Alaska on
_01-12-2023_.

(SEAL)

OFFICIAL SEAL
Shana Bruns
Notary Public-State of Alaska
My Comm. Expires: 12/04/2024

_____
Clerk of Court, Notary Public, or other
Person authorized to administer oaths.
My commission expires _12/04/2024_.

David H. Johnson

Subscribed and sworn to or affirmed before me at _Anchorage_, Alaska on
_January 13, 2023_.

(SEAL)

NICOLE E. TANDY
NOTARY PUBLIC
STATE OF ALASKA
My Commission Expires

_____
Clerk of Court, Notary Public, or other
Person authorized to administer oaths.
My commission expires _March 30, 2025_.

Pamela Bickford

Subscribed and sworn to or affirmed before me at _Anchorage_, Alaska on
_January 13, 2023_.

(SEAL)

NICOLE E. TANDY
NOTARY PUBLIC
STATE OF ALASKA
My Commission Expires

_____
Clerk of Court, Notary Public, or other
Person authorized to administer oaths.
My commission expires _March 30, 2025_.

_____
William C. de Schweinitz

Subscribed and sworn to or affirmed before me at _Anchorage_ , Alaska on
_January 13, 2023_

(SEAL)

_____
Clerk of Court, Notary Public, or other
Person authorized to administer oaths.
My commission expires _March 30, 2025_

_____
Loy Thurman

Subscribed and sworn to or affirmed before me at _Big Lake_ , Alaska on
_01.12.2023_ .

(SEAL)

_____
Clerk of Court, Notary Public, or other
Person authorized to administer oaths.
My commission expires _07.22.2025_

Certificate of Service and Font

I certify that the documents herein, are in Times New Roman 13, the word count (minus quotations) is _4540_ and

I certify that the Administrative Agency Appeal and Request for a Trial De Novo and all appendices was mailed certified with a Return Receipt on _Jan 13, 22_ to the following:

Governor Michael J. Dunleavy
State of Alaska
550 West 7th Avenue
Suite 1700
Anchorage, AK 99501


Lieutenant Governor Meyer
State of Alaska
550 West 7th Avenue
Suite 1700
Anchorage, AK 99501


Attorney General Treg Taylor
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501-1994


Director of Elections Gail Fenumiai
P.O. Box 110017
Juneau, AK 99811-0017


By: _Pamela Bickford_

Pamela L. Bickford, pro se clerk

Case 3:23-cv-00006-SLG   Document 1   Filed 01/13/23   Page 26 of 26