**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THOMAS W. OELS, *et al.*, | |
| Plaintiffs, | |
| v. | |
| MICHAEL J. DUNLEAVY, in his official capacity as Governor, *et al.*, | Case No. 3:23-cv-00006-SLG |
| Defendants. | |

### **ORDER RE NOTICE[1] REGARDING SERVICE OF COMPLAINT**

On January 13, 2023, Thomas Oels, *et al.,* self-represented non-prisoner parties ("Plaintiffs"), filed a Complaint against the Governor, Lieutenant Governor, Attorney General, and Division of Elections Director in their official capacities, and the State of Alaska, along with a civil cover sheet.[2] On January 25, 2023, Plaintiffs filed a Motion to Preserve Records at Docket 3. Summons were issued on January 26, 2023 and were returned executed by Plaintiffs on February 1, 2023. Plaintiffs filed Proofs of Service, declaring that they had personally served Lieutenant

---

[1] Notices are a type of filing that should be rarely used and only for administrative functions—i.e., to notify the court of a change of address or for an attorney to appear to represent a client. *See* Local Civil Rule 11.1(b) (directing self-represented litigants to submit notice of a change of address and telephone number); Local Civil Rule 11.1(a) (providing procedure for attorneys to enter an appearance on behalf of their client). A request for the Court to enter an order should be in the form of a motion.

[2] *See* Dockets 1, 2.

Governor Kevin Meyer, Division of Elections Director Gail Fenumiai,[3] Attorney General Treg Taylor, and Governor Michael Dunleavy.[4]

On February 16, 2023, Assistant Attorney General Thomas Flynn entered his appearance, but only on behalf of the State of Alaska.[5] Later that same day, the State filed a Notice Regarding Service of Complaint in which it contested the adequacy of the service on both the State and on the individual defendants and asked for the Court to order that Plaintiffs properly complete service.[6] On February 22, 2023, Plaintiffs filed a response and requested "direction as to how to make repairs to [their] 'incomplete' service by email and thereby avoid dismissal."[7] On March 9, 2023, the State filed a Motion to Stay Order re Initial Scheduling & Planning Conference Report until the service issue was resolved.[8]

## LEGAL STANDARD

"[S]ervice of a valid summons is necessary before the district court may exercise personal jurisdiction over [a] defendant."[9] However, "[d]efendants can

---

[3] The current Director of Elections for the State of Alaska is Carol Beecher. *See* https://www.elections.alaska.gov/contact-information.

[4] Dockets 5–8.

[5] Docket 9.

[6] Docket 11.

[7] Docket 13 at 3.

[8] Docket 14.

[9] *Silbaugh v. Chao,* 942 F.3d 911, 914 (9th Cir. 2019); *Omni Capital Intern., Ltd. V. Ruldolf Wolff & Co., Ltd.,* 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Case No. 3:23-cv-00006-SLG *Thomas Oels, et al. v. Gov. Michael J. Dunleavy, et al.*
Order re Notice Regarding Service of Complaint
Page 2 of 4

Case 3:23-cv-00006-SLG   Document 15   Filed 03/17/23   Page 2 of 4

waive the defect of lack of personal jurisdiction by appearing generally without first challenging the defect in a preliminary motion, or in a responsive pleading."[10]

## DISCUSSION

With respect to the State of Alaska, it entered a general appearance through its counsel and only then challenged service, and then only in a notice, not in a preliminary motion or in a responsive pleading. Accordingly, the State has waived the defect of the lack of personal jurisdiction as to the State only.

With respect to the individual defendants, the State asserts that service of process was insufficient in two respects: (1) Plaintiffs served only a copy of the summons and did not include a copy of the complaint as required by Rule 4(c)(1) of the Federal Rules of Civil Procedure and (2) Plaintiffs did not serve the individual defendants in the manner required by Rule 4 of the Federal Rules of Civil Procedure.[11]

Here, it appears that Plaintiffs sent the Summons via Certified Mail, Restricted Delivery to Lieutenant Governor Kevin Meyer, former Division of Elections Director Gail Fenumiai,[12] Attorney General Treg Taylor, and Governor Michael Dunleavy. It also does not appear that Plaintiffs served a copy of the Complaint with the Summons to any of the State officials named as defendants.[13]

---

[10] *Jackson v. Hayakawa,* 682 F.2d 1344, 1347 (9th Cir. 1982).

[11] Docket 11 at 2–5.

[12] *Supra* n.3.

[13] *See* Dockets 5–8.

Case No. 3:23-cv-00006-SLG *Thomas Oels, et al. v. Gov. Michael J. Dunleavy, et al.*
Order re Notice Regarding Service of Complaint
Page 3 of 4

To serve an individual who is not an employee of the United States, a plaintiff must comply with the service requirements set out in Rule 4(e). Plaintiffs have not demonstrated that they have complied with that rule. The Court does not instruct litigants on how to comply with a rule; the rules are intended to be self-explanatory. The Court notes that Rule 4(m) accords a litigant 90 days after a complaint is filed in which to serve each defendant, unless the plaintiff shows good cause for the failure to serve within that time. Plaintiffs are warned that if they are unable to complete service in accordance with the applicable rule, unserved defendants may be dismissed from this action.

**IT IS THEREFORE ORDERED:**

1. The State has **21 days from the date of this order** to respond to Plaintiffs' Complaint.

2. Docket 14 is **GRANTED** because not all Defendants have appeared. The Court's Order re Initial Scheduling & Planning Conference Report at Docket 12 is **stayed until further order of the Court.**

3. The State shall also file its response to the Motion to Preserve Records filed at Docket 3 within **21 days from the date of this order.**

DATED this 17th day of March, 2023, at Anchorage, Alaska.

_/s/ Sharon L. Gleason_
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cv-00006-SLG _Thomas Oels, et al. v. Gov. Michael J. Dunleavy, et al._
Order re Notice Regarding Service of Complaint
Page 4 of 4
Case 3:23-cv-00006-SLG   Document 15   Filed 03/17/23   Page 4 of 4