**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

THOMAS W. OELS, *et al.*,

                Plaintiffs,

     v.

MICHAEL J. DUNLEAVY, in his official
capacity as Governor, *et al.*,

                Defendants.

Case No. 3:23-cv-00006-SLG

## ORDER RE EMERGENCY MOTION FOR SUPPLEMENTAL SERVICE

At Docket 15, the Court stayed its Initial Scheduling & Planning Conference

Report at Docket 12 because not all Defendants had appeared.   In the order, the

Court notified Plaintiffs that they must comply with the service requirements set out

in Rule 4 of the Federal Rules of Civil Procedure.[1]

### 1. Defendants Gail Fenumiai and Kevin Meyer

On April 3, 2023, Plaintiffs filed a motion titled "Plaintiffs' Emergency Motion

for Supplemental Service" at Docket 20.  Plaintiffs request that the Court "issue a

supplemental 'Summons in a Civil Action' for Defendants, Gail Fenumiai, and

Kevin Meyer, to their home address to facilitate service of the summons and copy

---

[1] Docket 15 at 4.

of the complaint document, as both individuals are no longer employed by the State of Alaska."[2]

Plaintiffs' Complaint names Gail Fenumiai and Kevin Meyer in their official capacities as state officials.[3]  Even though Plaintiffs named these officials as defendants, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."[4]

> "[A]s a practical matter, a public official who is a defendant in a suit seeking an injunction is not 'on trial' at all.  The suit seeks relief against him in his official capacity . . . If he leaves office during the interim, he leaves the case behind and his successor becomes the party."[5]

Because Plaintiffs have brought this action against Defendants Gail Fenumiai and Kevin Meyer in their official capacities and these individuals no longer hold their state official positions, these defendants are no longer part of this lawsuit and their successors in office have become the appropriate parties.

Under Federal Rule of Civil Procedure 25(d), a successor in office is automatically substituted as a party and the case should proceed in the substituted party's name.[6]  In this case, the current Director of Elections is Carol Beecher,

---

[2] Docket 20 at 2.

[3] *See* Docket 1 at 5.

[4] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

[5] *Scott v. Lacy,* 811 F.2d 1153, 1153–54 (7th Cir. 1987).

[6] Fed. R. Civ. P. 25(d) states:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party.  Later proceedings

located at the Division of Elections office in Juneau, Alaska.[7]  The current

Lieutenant Governor is Nancy Dahlstrom, located at the Office of the Lieutenant

Governor in Juneau, Alaska.[8]  Also, under Federal Rule of Civil Procedure 25(d),

the Court may order substitution at any time, but even in the absence of an order,

the substitution is automatic.[9]  Therefore, Defendants Gail Fenumiai and Kevin

Meyer are no longer parties to this case and should not be served with this lawsuit.

For these reasons, Plaintiffs' request for an order issuing a "supplemental

'Summons in a Civil Action'" for Defendants Gail Fenumiai and Kevin Meyer to be

served at home is DENIED.  The Clerk of the Court will substitute Defendant Gail

Fenumiai with Carol Beecher, Director, Division of Elections and Defendant Kevin

Meyer with Nancy Dahlstrom, Lieutenant Governor, and amend the case caption

to reflect the automatic substitution.

**2.      Rule 4(c)(3)**

Plaintiffs also request that the Court order service by the United States

Marshal Service pursuant to Federal Rule of Civil Procedure 4(c) because

Defendants refused service on Michael Dunleavy, Gail Fenumiai, and Kevin

---

should be in the substituted party's name, but any misnomer not affecting the
parties' substantial rights must be disregarded.  The court may order substitution
at any time, but the absence of such an order does not affect the substitution.

[7] *See* https://www.elections.alaska.gov/contact-information.

[8] *See* https://ltgov.alaska.gov/contact.

[9] Fed. R. Civ. P. 25(d).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Gov. Michael J. Dunleavy, et al.*
Order Re Emergency Motion for Supplemental Service
Page 3 of 6

Case 3:23-cv-00006-SLG   Document 21   Filed 04/06/23   Page 3 of 6

Meyer, by certified mail/restricted delivery, in care of the State of Alaska, Department of Law in Anchorage, Alaska.[10]

Federal Rule of Civil Procedure 4(c)(3) provides in relevant part:

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."

When a plaintiff is neither *in forma pauperis* nor a seaman, the Court's authority to order service by the marshals "is discretionary and should be exercised in favor of appointment when a law enforcement presence appears necessary or advisable to keep the peace."[11] Moreover, a plaintiff's 4(c)(3) application "must provide a factual basis for why a court order is necessary to accomplish service."[12]

Here, the Court's authority to order the United States Marshal Service to serve civil process is discretionary and there is no apparent necessity for a law enforcement presence. Moreover, Plaintiffs have not presented the Court with an adequate basis for exercising its discretion to provide service by the United States Marshal Service under Federal Rule of Civil Procedure 4(c)(3). Therefore, Plaintiffs' request to order service on state officials by the United States Marshal

---

[10] Docket 20-3 at 2–4.

[11] *Volpe v. JP Morgan Chase Bank,* Case No. 8:22-cv-01054-JWH-DFM, 2022 WL 3643754, at *1 (C.D. Cal. June 21, 2022), quoting *Hollywood v. Carrows California Fam. Restaurants,* Case No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quotations and citations omitted).

[12] *Hollywood v. Carrows California Fam. Restaurants,* 2018 WL 7461690, at *1 (quotations and citations omitted).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Gov. Michael J. Dunleavy, et al.*
Order Re Emergency Motion for Supplemental Service
Page 4 of 6

Case 3:23-cv-00006-SLG   Document 21   Filed 04/06/23   Page 4 of 6

Service is DENIED.

### 3. Rule 4(m) Deadline

As of the date of this Order, proof of service has not yet been received for all Defendants.[13] However, Plaintiffs have shown diligence in attempting to effectuate service.[14] Therefore, Plaintiffs' deadline for filing proof of service for Defendants Carol Beecher and Nancy Dahlstrom, in their official capacities, is extended until **May 15, 2023** (30 days after the Rule 4(m) deadline of April 13, 2023).[15] The Clerk of the Court will issue new summons for Defendants Carol Beecher and Nancy Dahlstrom, in their official capacities.

As the State "chief executive officer"[16], Michael Dunleavy, in his official capacity as governor, must be served by personal service, not by certified mail.[17]

---

[13] Docket 20-3 at 1–4.

[14] *See* Dockets 13, 20. Fed. R. Civ. P. 4(m) provides that "if the plaintiff shows good cause for the failure [to timely serve the defendants], the court must extend the time for service for an appropriate period." *See also McWashington v. Alaska Airlines, Inc.,* Case No. 3:17-cv-00204-TMB, 2019 WL 13253353, at *4 (D. Alaska Apr. 30, 2019) ("If there is no good cause for the delay, a court has discretion to dismiss without prejudice or to extend the time period."), quoting *Cho v. UCBH Holdings, Inc.,* 890 F. Supp. 2d 1190, 1198 (N.D. Cal. 2012).

[15] Plaintiffs filed their Complaint on January 13, 2023. Docket 1.

[16] "The executive power of the State is vested in the governor." ALASKA CONST. art. III, § 1 (1959).

[17] Fed. R. Civ. P. 4(j)(2)(A). "Delivery" to chief executive officer of a state has been interpreted to mean personal service, not certified mail. *See* Wright & Miller, Federal Practice and Procedure: Civil 2d § 1109 n. 7 (4th ed.) (collecting cases). *See also* Fed. R. Civ. P. 4(j)(2)(B); Alaska R. Civ. 4(d)(7), (8).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Gov. Michael J. Dunleavy, et al.*
Order Re Emergency Motion for Supplemental Service
Page 5 of 6

Case 3:23-cv-00006-SLG    Document 21    Filed 04/06/23    Page 5 of 6

Plaintiffs should also personally serve a copy the complaint and summons on Carol Beecher and Nancy Dahlstrom in their official capacities.[18]

**IT IS THEREFORE ORDERED:**

1. Plaintiffs' Motion at Docket 20 is **DENIED.**

2. The Clerk of the Court is directed to substitute Defendant Gail Fenumiai with "Carol Beecher, Director, Division of Elections, in her official capacity" and Defendant Kevin Meyer with "Nancy Dahlstrom, Lieutenant Governor, in her official capacity" and amend the case caption to reflect the automatic substitution.

3. The Clerk of the Court is directed to issue new summons for Defendants Carol Beecher and Nancy Dahlstrom, in their official capacities.

4. Plaintiffs must provide the Court with proof of service for Defendants Michael Dunleavy, Carol Beecher, and Nancy Dahlstrom, in their official capacities, on or before **May 15, 2023** or the Complaint as to these defendants may be dismissed.

DATED this 6th day of April, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[18] *See* Alaska R. Civ. 4(d)(7), (8); *State, Dept. of Corrections v. Kila,* 884 P.2d 661, 662 (Alaska 1994).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Gov. Michael J. Dunleavy, et al.*
Order Re Emergency Motion for Supplemental Service
Page 6 of 6