IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS W. OELS, *et al.*,<br><br>       Plaintiffs,<br><br>  v.<br><br>MICHAEL J. DUNLEAVY, in his official capacity as Governor, *et al.*,<br><br>       Defendants. | Case No. 3:23-cv-00006-SLG |

## ORDER RE ALL PENDING MOTIONS

Before the Court at Docket 22 is Defendant State of Alaska's *Motion to Dismiss the State of Alaska*; Plaintiffs responded in opposition at Docket 26. At Docket 24 is Defendant Attorney General for the State of Alaska's *Motion to Dismiss the Attorney General for the State of Alaska*; Plaintiffs responded in opposition at Docket 27. At Docket 32 is Defendants Michael J. Dunleavy, Nancy Dahlstrom, and Carol Beecher's (collectively, "State Officials") *Motion to Dismiss the Governor, Lieutenant Governor, and Director of the Division of Elections*; Plaintiffs responded in opposition at Docket 34. And at Docket 3 is Plaintiffs' *Motion to Preserve Records*; Defendants responded in opposition at Docket 23 (State of Alaska), Docket 25 (Attorney General), and Docket 33 (State Officials); Plaintiffs replied at Docket 29. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

Plaintiffs are five self-represented individuals who bring the instant suit alleging violations by the State of Alaska ("State") and its officials of the Help America Vote Act of 2002 ("HAVA"), various provisions of the U.S. Constitution, and the Administrative Procedure Act.[1] HAVA created "a program to provide funds to States to replace punch card voting systems," established a commission to assist in federal election administration, and established "minimum election administration standards for States and units of local government with responsibility for the administration of Federal elections."[2] Plaintiffs assert that on September 1, 2022, they attempted to file an administrative complaint with the Alaska Division of Elections alleging violations of federal and state election laws beginning with the November 2020 general election.[3] In October 2022, the Director of the Division of Elections rejected the complaint for filing because the Director determined that the complaint did not comply with the Division's HAVA complaint regulations since it did not allege violations of HAVA, did not seek relief the Division was empowered to provide, and was untimely.[4]

---

[1] *See* Docket 1 at 9-22, ¶¶ 41-96.

[2] Help America Vote Act of 2002, Pub. L. No. 107-252, 116 Stat. 1666 (2002) (codified at 52 U.S.C. § 20901 *et seq.*). The election administration standards can be found at 52 U.S.C. §§ 21081-21085.

[3] Docket 1 at 2, ¶¶ 1-2; Docket 22 at 5-7.

[4] Docket 1-1 at 172. Plaintiffs also filed a complaint in Alaska Superior Court alleging election violations, but it appears that the Superior Court "dismissed that entire complaint with prejudice on April 3, 2023." Docket 1 at 3, ¶ 8; Docket 22 at 7-8 (citing Order Granting Defendants'

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 2 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 2 of 12

Plaintiffs brought the instant suit in January 2023, in which they named as Defendants the Alaska Governor, Lieutenant Governor, Attorney General, Director of the Division of Elections, and the State of Alaska. Plaintiffs have titled their complaint as an "Administrative Agency Appeal and Request for Trial De Novo."[5] They seek "declaratory, injunctive, and restorative relief" regarding alleged violations in the 2020 and 2022 elections and ask that the Court declare various State and State officials' actions as unlawful.[6] Plaintiffs' specific requests are discussed more fully below.

The State, the Attorney General, and the State Officials (collectively, "Defendants") subsequently each brought motions seeking to dismiss the complaint against them pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[7]

## LEGAL STANDARD

Defendants seek to dismiss the complaint against each of them for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). "A Rule 12(b)(1) jurisdictional attack may be facial or factual."[8] In

---

Motion to Dismiss, *Oels et al. v. Meyer et al.*, 3AN-22-09328CI (Alaska Super. Ct. Apr. 3, 2023)). Furthermore, it appears that a final judgment for Defendants was entered in that case on May 23, 2023. *See* Judgment Entered, *Oels et al. v. Meyer et al.*, 3AN-22-09328CI (Alaska Super. Ct. May 23, 2023).

[5] Docket 1 at 1.

[6] Docket 1 at 4, ¶ 12, 22-23, ¶ 97.

[7] Docket 22 at 2; Docket 24 at 2; Docket 32 at 2.

[8] *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 3 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 3 of 12

a facial attack, "the challenger asserts that the allegations contained in the complaint are insufficient on their face to invoke federal jurisdiction."[9] A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."[10] A party may seek dismissal under Rule 12(b)(6) for a complaint's "failure to state a claim upon which relief can be granted."

Before dismissing a deficient complaint, a court must provide the plaintiff with an opportunity to amend when justice requires, unless to do so would be futile.[11]

## DISCUSSION

The Court will evaluate the viability of Plaintiffs' complaint by addressing each of the requested relief Plaintiffs seek in their complaint.[12]

---

F.3d 1214, 1242 (9th Cir. 2000)).

[9] *Id.*

[10] *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013)).

[11] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund,* 845 F.2d 193, 195 (9th Cir. 1988)).

[12] Docket 1 at 22-23, ¶ 97.

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 4 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 4 of 12

## I. HAVA Claims

In Plaintiffs' request (a), they ask the Court to declare that the State acted in violation of HAVA and order "Executive Branch state officials . . . to draft a bill to the Legislature to revise [Alaska Statutes] Title 15" to comply with federal law.[13] In Plaintiffs' request (e), they ask the Court to "[d]eclare that the omission of required statutory authority in violation of HAVA . . . requires a review of agency action, and full funding for a full forensic audit to determine the damages to Alaskan election procedures."[14]

"[P]rivate rights of action to enforce federal law must be created by Congress."[15] "HAVA does not itself create a private right of action."[16] "Congress established only two HAVA enforcement mechanisms: (1) a civil action brought by the Attorney General, and (2) a state-based administrative complaint procedure."[17] In addition, judicial review of agency action under the federal Administrative

---

[13] Docket 1 at 22, ¶ 97.

[14] Docket 1 at 23, ¶ 97.

[15] *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) (citation omitted).

[16] *Sandusky Cnty. Democratic Party v. Blackwell*, 387 F.3d 565, 572 (6th Cir. 2004). *See also Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 736 n.4 (9th Cir. 2012) (expressing doubt that Congress intended to create a private right of action under HAVA (first citing *Brunner v. Ohio Republican Party*, 555 U.S. 5, 6 (2008) (per curiam); and then citing *Sandusky*, 387 F.3d at 572)); *Bellitto v. Snipes*, 935 F.3d 1192, 1202 (11th Cir. 2019) (holding that "HAVA creates no private cause of action").

[17] *Bellitto*, 935 F.3d at 1202 (citing 52 U.S.C. §§ 21111-12).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 5 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 5 of 12

Procedure Act ("APA") applies only to the decisions made by federal agencies and not to state agencies or state actors.[18]

In both claims (a) and (e), Plaintiffs allege violations of HAVA; however, because HAVA does not create a private right of action in federal court, Plaintiffs cannot pursue their HAVA claims in this case. Instead, Plaintiffs must follow the state-based administrative complaint procedure, which is set out in the Alaska Administrative Code ("AAC") at 6 AAC 25.400 through 6 AAC 25.490. If Plaintiffs do not succeed at the agency level, they can appeal the state administrative agency decision to the Alaska Superior Court, but not to the federal district court.[19]

As for Plaintiffs' request that this Court compel State officials to draft a bill to the Alaska Legislature to revise Title 15 of the Alaska Statutes, that request is beyond this Court's authority to grant and accordingly that claim for relief must also be dismissed.[20]

---

[18] *Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) ("Actions under the APA may be brought only against federal agencies." (citation omitted)); *Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004) ("The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies."); *Sw. Williamson Cnty. Cmty. Ass'n, Inc. v. Slater*, 173 F.3d 1033, 1035 (6th Cir. 1999) ("By its own terms, the APA does not apply to state agencies.").

[19] *See* 6 AAC 25.460(h); Alaska Stat. § 22.10.020(d).

[20] *See M.S. v. Brown*, 902 F.3d 1076, 1087 (9th Cir. 2018) (holding that, absent certain narrow circumstances not applicable here, federal courts may not order "government officials to enact or implement a bill that has not completed a lawfully prescribed legislative process").

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 6 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 6 of 12

## II. Elections Clause

In Plaintiffs' request (b), they ask that the Court declare that the State violated "the Election[s] Clause of the U.S. Constitution" because it did "not compl[y] with the 'minimum requirements' of Federal Law."[21] The Elections Clause provides: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators."[22] The Elections Clause "empowers both the federal and state governments to enact laws governing the mechanics of federal elections"; but "power over federal election procedures is ultimately 'committed to the exclusive control of Congress.'"[23] Although it is not clear from the complaint, it appears that Plaintiffs may be attempting to bring a claim under the Elections Clause pursuant to 42 U.S.C. § 1983, which is a vehicle to bring a cause of action but "is not itself a source of substantive rights."[24]

---

[21] Docket 1 at 23, ¶ 97.

[22] U.S. Const. art. I, § 4, cl. 1.

[23] *Gonzalez v. Arizona*, 677 F.3d 383, 391 (9th Cir. 2012) (quoting *Colegrove v. Green*, 328 U.S. 549, 554 (1946)), *aff'd sub nom. Arizona v. Inter Tribal Council of Ariz., Inc.*, 570 U.S. 1 (2013).

[24] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" (citation omitted)).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 7 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 7 of 12

While Plaintiffs generally allege that the State and its officials violated the Elections Clause,[25] they have failed to demonstrate that they have standing to bring such a claim. Standing is required to bring suit in federal court; to establish standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[26] "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'"[27] "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way,'" and a "'concrete' injury must be '*de facto*'; that is, it must actually exist."[28] To maintain a challenge under the Elections Clause, an individual plaintiff must be a prospective candidate for federal office, not simply a concerned member of the electorate.[29] Thus, Plaintiffs have not established an injury in fact protected by the Elections Clause, much less that any such injury is

---

[25] *See* Docket 1 at 9-14, ¶¶ 41-65, 18-22, ¶¶ 86-96.

[26] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

[27] *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

[28] *Id.* at 339-40 (citations omitted).

[29] *See Cook v. Gralike*, 531 U.S. 510 (2001) (addressing merits of Elections Clause claim brought by prospective congressional candidate challenging term limits disclosure requirement); *cf. Bowyer v. Ducey*, 506 F. Supp. 3d 699, 711 (D. Ariz. 2020) (holding Republican county chairs lacked standing to bring Elections Clause challenge seeking to set aside results of general election based on allegations of fraud and election misconduct because they were not candidates for office).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 8 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 8 of 12

"fairly traceable" to the State's conduct or that the injury would likely "be redressed by a favorable judicial decision." The Court therefore finds that Plaintiffs lack standing to bring a claim under the Elections Clause, and this claim must be dismissed.[30]

### III. Attorney General Opinion

In Plaintiffs' request (c), they ask that the Court "[d]eclare that the Attorney General's Review of [the 2019 Alaska's Better Elections Initiative ("19AKBE")] Ballot Measure Application . . . be set aside."[31] 19AKBE "proposed changes to Alaska's elections, including switching from party primary elections to open, nonpartisan primary elections; establishing ranked-choice voting in general elections; and adopting new campaign finance disclosure and disclaimer requirements."[32] As part of the initiative process in Alaska, the Attorney General typically reviews proposed initiatives and opines on whether the proposed initiative meets the statutory and constitutional requirements for initiatives.[33]

---

[30] The State also claims that "neither a State nor its officials acting in their official capacities" can "be sued under § 1983" based on Eleventh Amendment sovereign immunity. Docket 22 at 22-23. However, state officials in their official capacities *can* be sued for § 1983 claims for prospective injunctive or declaratory relief to remedy a state's ongoing violation of federal law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

[31] Docket 1 at 23, ¶ 97.

[32] Docket 24 at 5 (citing 19AKBE Ballot Measure Application Review, AGO No. 2019200578, Op. Alaska Att'y Gen. (2019), 2019 WL 4239852, at *1).

[33] Docket 24 at 3-4; *see also* Alaska Const. art. XI.

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 9 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 9 of 12

In the instant case, "the Lieutenant Governor asked the Attorney General to review" the 19AKBE initiative application in 2019.[34] The Attorney General did so and then published his review of the initiative application.[35] The Attorney General "determined that although the application was in the proper form, the proposed bill was not, because it addressed more than one subject."[36] "The Lieutenant Governor, acting on that advice, denied the initiative application," but the "Alaska Supreme Court reversed the Lieutenant Governor's determination, holding that the initiative addressed one subject, election reform."[37]

The Court finds that, given the Alaska Supreme Court's rejection of the Attorney General's 19AKBE opinion, Plaintiffs' claim regarding the validity of the Attorney General's opinion is moot. Furthermore, the Attorney General's review of 19AKBE is simply that—his opinion; it is not precedent, and this Court has no authority to set aside the Attorney General's opinion.

---

[34] Docket 24 at 4.

[35] 19AKBE Ballot Measure Application Review, Op. Alaska Att'y Gen., 2019 WL 4239852.

[36] Docket 24 at 5 (citing 19AKBE Ballot Measure Application Review, Op. Alaska Att'y Gen, 2019 WL 4239852, at *7-10, *12).

[37] Docket 24 at 5 (first citing Letter from Kevin Meyer, Lieutenant Governor, State of Alaska, to Jason Grenn, Rep., Alaska House of Reps. (Aug. 30, 2019); and then citing *Meyer v. Alaskans for Better Elections*, 465 P.3d 477, 498 (Alaska 2020)).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 10 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 10 of 12

## IV. The Division of Elections' Rejection of Plaintiffs' Administrative Complaint

In Plaintiffs' request for relief (d), they ask that the Court "[d]eclare that the responses ultimately dismissing the Complaint of September 1, 2022, [be] set aside as 'otherwise not in accordance with the law.'"[38] As stated previously, the Court does not have subject matter jurisdiction to review Alaska state agency decisions under the APA.

In conclusion, on the motions to dismiss and for the reasons discussed above, all of Plaintiffs' claims in their complaint must be dismissed. Further, the Court finds that no facts could be substituted to cure the complaint's deficiencies identified in this order. Therefore, amendment would be futile, and the complaint must be dismissed without leave to amend.[39]

## V. Motion to Preserve Records

In their Motion to Preserve Records, Plaintiffs request this Court "to protect and preserve . . . the election records" for various 2020 and 2022 elections that

---

[38] Docket 1 at 23, ¶ 97.

[39] *See, e.g.*, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (noting that dismissal without leave to amend is proper when amendment would be futile); *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087-88 (9th Cir. 2002) (holding that denial of leave to amend is not an abuse of discretion if the "basic flaw" in the pleading cannot be cured by amendment).

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 11 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 11 of 12

are at issue in their suit.[40] However, because the Court has no subject matter jurisdiction over any of Plaintiffs' claims, and because this action must be dismissed, the Court denies this motion as moot.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that:

- Defendant State of Alaska's *Motion to Dismiss the State of Alaska* at Docket 22 is GRANTED;

- Defendant Attorney General for the State of Alaska's *Motion to Dismiss the Attorney General for the State of Alaska* at Docket 24 is GRANTED;

- Defendants Michael J. Dunleavy, Nancy Dahlstrom, and Carol Beecher's *Motion to Dismiss the Governor, Lieutenant Governor, and Director of the Division of Elections* at Docket 32 is GRANTED; and

- Plaintiffs' *Motion to Preserve Records* at Docket 3 is DENIED as moot.

This action is dismissed with prejudice. The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 12th day of June, 2023, at Anchorage, Alaska.

> */s/ Sharon L. Gleason*
> UNITED STATES DISTRICT JUDGE

---

[40] Docket 3 at 2.

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order re All Pending Motions
Page 12 of 12
Case 3:23-cv-00006-SLG   Document 36   Filed 06/12/23   Page 12 of 12