IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THOMAS W. OELS, *et al.*,<br><br>               Plaintiffs,<br><br>     v.<br><br>MICHAEL J. DUNLEAVY, in his official capacity as Governor, *et al.*<br><br>               Defendants. | Case No. 3:23-cv-00006-SLG |

## ORDER RE ALL PENDING MOTIONS

This Court entered a Final Judgment in this action June 15, 2023 that dismissed this action with prejudice.[1] Since that time, Plaintiffs have filed the following motions:

- At Docket 38, *Motion to Reconsideration – Court Order Re All Pending Motions.*

- At Docket 40, *Motion for Limited Discovery – State Regulation Authorization, Schedule Stayed "Scheduling and Planning Conference Report," and Schedule Oral Argument on State Based Administrative Complaint Procedures*.

- At Docket 42, *Plaintiffs' Motion for Extension of Time to Allow the United States Attend the Interests of the United States in this Suit.*

---

[1] See Dockets 36, 37.

Defendants responded in opposition at Docket 44. Plaintiffs did not file a reply.

- At Docket 45, *Motion for Notice of Non-Joinder* by Defendant William de Schweinitz.

The Court rules as follows on these motions:

In the motion to reconsider at Docket 38, Plaintiffs assert that the "Court erred by overlooking federal requirements for state-based compliance complaints." But as the Court explained in its Order Re All Pending Motions that dismissed this action, the Help America Vote Act does not create a private right of action in federal court.[2] The correct forum for private individuals to challenge the State's compliance with HAVA is through an appeal to the Alaska Superior Court of the State's administrative determination.[3] Therefore, the motion to reconsider is DENIED.

Plaintiffs' motion for limited discovery and oral argument at Docket 40 is denied because the Court declines to reopen this closed case. Likewise, Plaintiffs'

---

[2] Docket 36 at 5, citing *Sandusky Cnty Democratic Party v. Blackwell*, 387 F. 3d 565, 572 (6th Cir. 2004). Plaintiffs' citation to the recent decision by the United States Supreme Court in *Health & Hosp. Corp. v. Talevski*, 599 U.S. ___ , 143 S.Ct. 1444, 1446 (2023), is inapposite. The Court there held that the provisions of the statute at issue there, the Federal Nursing Home Reform Act, "unambiguously confer individual federal rights enforceable under [42 U.S.C.] § 1983." Here, the Court held that Plaintiffs lacked standing to bring a claim under the Elections Clause of the United States Constitution, as the Court discussed in its dismissal order. *See* Docket 36 at 8-9.

[3] Plaintiffs maintain that the $250 filing fee to appeal to the Alaska Superior Court is a barrier to their pursuing such relief. Docket 38 at 3. Of note, Plaintiffs instead elected to pay the federal court's $402 filing fee to initiate this action. And parties in each court may request waivers of

motion at Docket 42 seeking an extension of time "to allow the United States [to] attend to its interests" is DENIED.[4] As Defendants correctly note, "[i]f the United States has any concerns about Alaska's compliance with the Help America Vote Act, the Attorney General can file a separate lawsuit."[5]

The Motion for Notice of Non-Joinder filed by Plaintiff de Schweinitz at Docket 45 id DENIED as moot.

Should Plaintiffs seek further relief from the federal courts, they may file a Notice of Appeal with the Ninth Circuit Court of Appeals.

DATED this 17th day of August 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

filing fees if they present a financial hardship.

[4] Docket 42 at 1.

[5] Docket 44, n.13, citing 52 U.S.C. § 21111.

Case No. 3:23-cv-00006-SLG, *Oels, et al. v. Dunleavy, et al.*
Order Re All Pending Motions
Page 3 of 3
Case 3:23-cv-00006-SLG   Document 47   Filed 08/17/23   Page 3 of 3